En el Asunto de la Moción de Herminia Colón Vda. de Semidey, Etc. El Pueblo de Puerto Rico, opositor y apelado; Comisión de Servicio Público, apelante.

Núm. 8296.—*Sometido:* Junio 13, 1941. *Resuelto:* Julio 23, 1941.

Tomás Torres Pérez, abogado de la apelante; *Hon. Procurador General George A. Malcolm,* y *Pablo Defendini, Subprocurador Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La Comisión de Servicio Público de Puerto Rico, por Ordenanza de mayo 28 de 1937, aprobada por el Gobernador, concedió a doña Herminia Colón Vda. de Semidey un permiso revocable para usar 144 litros de agua por segundo, de una quebrada, en conexión con las operaciones de la central azucarera "Herminia," en el municipio de Villalba. La sección 5ª. de dicha ordenanza lee como sigue:

"Sección 5ª.—Dentro de treinta días después de la aprobación de esta franquicia por el Gobernador de Puerto Rico el concesionario deberá radicar en esta Comisión su aceptación por escrito de esta franquicia y pagará al Tesorero de Puerto Rico la compensación fijada por esta Comisión en orden de mayo 13, 1932, y enmiendas a la misma; y además pagará al Tesorero de Puerto Rico todos los impuestos adeudados por el agua que ha sido usada de esta corriente, de acuerdo con lo estipulado en la Ordenanza 471 y decretada por la Comisión de Servicio Público de Puerto Rico el 20 de enero de 1920."

En enero 11, 1938, la concesionaria pidió a la Comisión de Servicio Público que enmendase la sección 5ª. de la fran-

quicia "en el sentido de que la peticionaria no viene obli-gada a satisfacer contribuciones de agua adeudadas por otras franquicias anteriores y que sólo está obligada a pagar las que se deriven de la presente franquicia."

En la petición se alegó que por escritura de 13 de abril de 1932 otorgada a su favor por el síndico en la quiebra de "Central Juliana, Inc.," la peticionaria adquirió, libre de gravámenes, todas las propiedades de dicha corporación; que de acuerdo con las condiciones de la venta, la peticionaria adquirente no se obligó a pagar contribución alguna exigible bajo cualquiera otra franquicia; que el Tesorero de Puerto Rico trata de cobrarle no solamente las contribuciones que adeudaba Central Juliana, Inc., si que también las no satisfechas por Walter McK Jones, anteriores al 1932; que ésta es una franquicia nueva, sin conexión alguna con otra franquicia anterior; que la peticionaria aceptó la nueva franquicia, incluyendo la cláusula 5ª., pero alega especialmente que dicha cláusula fué intercalada *sin su previo conocimiento* y sin haberse tratado ese punto bajo ningún aspecto, siendo así *sorprendida* la peticionaria; que la peticionaria entendió que dicha cláusula intercalada no la perjudicaría y que había sido incluída como un mero formulismo de la comisión; que de haberse dado cuenta la peticionaria del alcance de dicha cláusula, de ninguna manera la hubiera aceptado y habría solicitado su eliminación; que el Tesorero tuvo amplia oportunidad para cobrar los cánones, bien cobrándoselos directamente al Sr. McK Jones o interviniendo en la quiebra de Central Juliana, Inc.; y que no debe aprovecharse del error de la peticionaria para obligarla a pagar lo que no adeuda.

Se opuso El Pueblo de Puerto Rico a la enmienda solicitada, (a) porque la comisión carece de facultad para condonar una obligación contraída por la peticionaria con El Pueblo de Puerto Rico; (b) porque la petición no revela mérito alguno que justifique la concesión que se pretende; y (c)

porque no es cierto que la franquicia otorgada a la peticionaria sea una nueva franquicia, concedídale sin consideración a otra franquicia anterior, y sí es cierto que dicha franquicia fué concedida, en parte, en consideración al pago de todos los impuestos adeudados bajo la franquicia concedida por virtud de la Ordenanza núm. 471 de enero 20 de 1920.

En julio 19 de 1939, la Comisión de Servicio Público concedió la enmienda solicitada. Apeló El Pueblo de Puerto Rico para ante la Corte de Distrito de San Juan, la cual dictó una orden interlocutoria de suspensión (*supersedeas*) de la resolución recurrida. En contestación a la petición, alegó la comisión que está facultada para enmendar franquicias por las disposiciones de la Ley Orgánica, el artículo 60 de la ley núm. 70 de 1917 (Leyes de 1917 (2) pág. 433), y la jurisprudencia en el caso de *South Porto Rico Sugar Company* v. *Muñoz,* 28 F. (2d) 820; P.U.R. 1929 B, pág. 629.

Visto el caso, la Corte de Distrito de San Juan dictó sentencia dejando sin efecto la resolución de la comisión por no estar sostenida por la prueba y ser contraria a la ley. La comisión interpuso el presente recurso, y para sostenerlo alega que la corte sentenciadora incurrió en error: (1) al resolver que la facultad de enmendar franquicias es sólo de efecto prospectivo; (2) al distinguir entre El Pueblo de Puerto Rico y la comisión en asuntos de franquicias; (3) al confundir una orden fijando una tarifa, con una declaración o determinación para enmendar una franquicia; y (4) al exigir prueba de hechos admitidos por las partes interesadas.

Consideraremos los cuatro señalamientos conjuntamente.

De la transcripción del récord taquigráfico de la vista celebrada ante la comisión, no aparece que se practicara prueba alguna para sostener las alegaciones de la moción sobre aclaración de la franquicia. Dichas alegaciones envolvían, a nuestro juicio, serios cargos e imputaciones contra la Comisión de Servicio Público, que ésta debió tomarse interés en investigar.

Los términos de la franquicia concedida a la señora Semidey son tan claros y precisos, que no puede haber duda alguna en cuanto a la intención y significado de los mismos. Sin embargo, no obstante haber tenido un período de treinta días, a partir de la fecha de su aprobación por el Gobernador, para aceptar la franquicia y haberla aceptado tal como fué aprobada, la concesionaria compareció seis meses después de tal aceptación en solicitud que se le relevase de la obligación por ella contraída a virtud de la citada sección 5ª. de la franquicia. Basó su petición en las siguientes alegaciones de hechos:

A. Que en ningún momento durante la discusión de la franquicia se trató ni se trajo a discusión contribuciones de agua adeudadas por otras franquicias anteriores.

B. Que debido al trámite que se llevó en la discusión de la franquicia y "el haberse intercalado dicha condición sin previo conocimiento de la misma, ni haberse tratado ese punto bajo ningún aspecto, todo esto contribuyó a ser sorprendida."

C. Que la concesionaria entendió que la sección 5ª. se había intercalado "como un mero formulismo de la Hon. Comisión."

Sobre esos hechos, que imputan a la comisión el haber recurrido a prácticas que de ser ciertas merecerían nuestra censura, no se presentó prueba alguna. En la vista celebrada para discutir la cuestión legal planteada por El Pueblo de Puerto Rico, en cuanto a si la comisión tiene o no poderes para hacer la enmienda solicitada, el Presidente de la Comisión se expresó así: "Si resolvemos que la comisión tiene poderes, y resuelve oírles, consideraremos el fondo de la cuestión." En julio 21 de 1939, más de un año después de discutida la cuestión legal a que nos hemos referido, la comisión sin oír a las partes y sin que se practicase prueba alguna tendiente a substanciar las alegaciones de la petición, declaró ésta con lugar, basándose únicamente en el informe de su asesor legal.

Que la Comisión de Servicio Público tiene facultad para enmendar, alterar o cancelar las concesiones de franquicias es cuestión fuera de toda duda. *South Porto Rico Sugar Co.* v. *Muñoz,* 28 F. (2d) 820. La sección 39 de la Ley Orgánica requiere que todas las concesiones de franquicias dispondrán que las mismas estarán sujetas a enmiendas, alteración o cancelación. La ley núm. 70 de 1917 en su artículo 54 contiene idénticas disposiciones y declara que la comisión tendrá poder para alterar, enmendar, modificar o derogar cualquier franquicia que haya sido concedida por el Consejo Ejecutivo. La comisión no puede, sin embargo, ejercitar esas facultades caprichosa o arbitrariamente, ni dictar órdenes o resoluciones que puedan afectar derechos adquiridos al amparo de una franquicia, sin reconocer a la parte intesada todos aquellos derechos que constituyen un debido procedimiento de ley. El legislador ha fijado reglas a las cuales debe ajustarse la comisión, y a ese efecto ha dispuesto por la ley núm. 70 de 1917, entre otras cosas, que el testimonio dado ante la comisión debe ser tomado por escrito (sec. 68); que cualquier parte en el procedimiento, que sea afectada, podrá apelar (sec. 78); que al ser apelado un caso, la comisión se convierte en parte demandada, y una vez radicada su contestación, el caso está listo para ser oído (secs. 79–82); que la corte es la llamada a resolver si la orden recurrida es razonable y si ha sido dictada de acuerdo con la ley (sec. 83); que en caso afirmativo, la corte debe desestimar el recurso y confirmar la orden, pero si encuentra que la orden *no es razonable* o que está basada en evidencia *incompetente* o es en cualquiera otra forma contraria a la ley, la corte debe revocar la orden o devolver el caso a la comisión (sec. 85).

La Corte Suprema Federal, en *Public Service Commission* v. *Havemeyer,* 296 U. S. 506, 80 L. Ed. 357, confirmando la sentencia dictada por esta Corte Suprema (45 D.P.R. 698), definió el alcance de la jurisdicción de los tri-

bunales para revisar las resoluciones de la Comisión de Servicio Público, expresándose así:

"En la apelación, la corte de distrito no estaba autorizada para sustituir por los de la comisión sus propios puntos de vista sobre cuál acción hubiera sido justa o debiera haberse tomado, ni para ejercer ninguna función legislativa, ejecutiva o administrativa. Su única jurisdicción era para decidir, con vista del récord que le ha sido certificado por la comisión, si la orden era (1) razonable, (2) de conformidad con la ley, (3) basada en evidencia incompetente. 'Razonable,' en el sentido en que aquí se usa, significa que no sea 'caprichosa,' 'arbitraria' o 'confiscatoria.' Si la orden de cancelación era razonable en el sentido de que no iba más allá de los límites permitidos, es una cuestión de derecho.... El alcance concedido a las resoluciones y sentencias de la corte es significativo. Solamente puede resolver las cuestiones de derecho planteadas por la apelación y confirmar o revocar la orden o devolver el récord a la comisión para ulteriores procedimientos. Carece de autoridad para enmendar o modificar una orden de la comisión. La jurisdicción y deberes de la Corte Suprema y de la Corte de Circuito de Apelaciones son en todo similares a los de la corte de distrito. Ninguna de ellas tiene facultades o funciones que no sean estrictamente judiciales."

¿Es la orden recurrida razonable y conforme a derecho? ¿Está dicha orden basada en evidencia competente? Ambas preguntas deben ser contestadas negativamente.

Al aceptar la concesionaria la franquicia que fué aprobada por el Gobernador, quedó perfeccionado un contrato entre ella y El Pueblo de Puerto Rico, siendo la causa o consideración de dicho contrato los pagos que la concesionaria se comprometió a hacer por virtud de la sección 5ª., cuya eliminación se pide. Desde ese momento, El Pueblo de Puerto Rico adquirió el derecho a exigir de la concesionaria el pago de las cantidades que los concesionarios anteriores dejaron de pagar por aguas utilizadas para beneficio de la misma central de que ahora es dueña la concesionaria. No nos parece razonable que se permita a la concesionaria continuar disfrutando de los beneficios de la franquicia y que se la exima de cumplir una obligación que asumió libremente para beneficio

de El Pueblo de Puerto Rico. La corte inferior no erró al sostener que la comisión no está autorizada para aprobar enmiendas con efecto retroactivo en detrimento de derechos adquiridos por una tercera persona. Véase 51 C. J. 64 y 65, párrafos 118 y 119. Tampoco erró al sostener que la orden recurrida es nula por haber sido dictada sin prueba para sostenerla.

La contención de la apelante de que la corte inferior erró "al distinguir entre El Pueblo de Puerto Rico y la Comisión de Servicio Público en asuntos de franquicias," carece de méritos. La comisión y El Pueblo de Puerto Rico son entidades distintas y separadas. El dominio de las aguas públicas corresponde a El Pueblo de Puerto Rico, según lo dispone el artículo 414 y siguientes del Código Civil. La facultad que tiene la Comisión de Servicio Público para otorgar franquicias, derechos, privilegios o concesiones para el aprovechamiento de las aguas públicas *para usos particulares,* le ha sido conferida por el artículo 52 de la Ley de Servicio Público de Puerto Rico, núm. 70 de 1917. El Pueblo de Puerto Rico, como dueño de las aguas públicas, tiene interés en que las concesiones para su utilización se ajusten a la ley y que no sean alteradas o enmendadas en forma tal que pueda afectar los derechos adquiridos por El Pueblo a virtud de la franquicia original.

*Por las razones expuestas debe confirmarse la sentencia recurrida y devolverse el caso a la Comisión para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Todd, Jr., no intervino.